IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

| | |
|---|---|
| RONALD CLEVELAND OWEN, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | Civil Action No. 5:04-1050 |
| ) | Criminal Action No. 5:00-00210 |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**PROPOSED FINDINGS AND RECOMMENDATION**

On September 27, 2004, Movant filed a motion pursuant to 28 U.S.C. § 2255 challenging his sentence pursuant to Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). (Doc. No. 27.) By Standing Order September 29, 2004, Movant's Motion was referred to this United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Doc. No. 28.) Pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts, "[i]f it plainly appears . . . that the movant is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." Having conducted a thorough examination of all pertinent documents, the undersigned concludes and hereby respectfully recommends that Movant's Motion be dismissed.

**FACTUAL AND PROCEDURAL BACKGROUND**

On December 4, 2000, Movant pled guilty to a two count information charging him with conspiring with others to distribute marijuana and oxycodone in violation of 21 U.S.C. § 846 and 18 U.S.C. § 1956(a)(1)(B)(i). See United States v. Owen, Criminal No. 5:00-0210, Doc. No. 6. Movant was sentenced on April 30, 2001, to a 96 month term of incarceration and a five year term

of supervised release. Id., Doc. No. 14. Movant was also required to pay a $200 special assessment. Id. The District Court departed downward in sentencing Movant to a term of imprisonment in consideration of the United States' Motion for Substantial Assistance. Movant did not appeal his conviction and sentence. Thus, Movant's judgment became final on or about May 10, 2001, when the time for filing a notice of appeal expired.

On February 19, 2003, Movant filed a Motion to Supplement Title 28 U.S.C. § 2255 Motion indicating that he "previously filed a Motion pursuant to U.S.C. § 2255." Owen v. United States, Civil Action No. 5:03-0133 (S.D.W.Va. Jan. 15, 2004). By Order filed on April 3, 2003, the Court noted that it appeared from Movant's Motion to Supplement that he was seeking to contest specific findings of the District Court in determining Movant's sentence under the Sentencing Guidelines. Id., Doc. No. 22. The Court further noted that it was unable to find a record of Movant's filing of a previously filed Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody and directed Movant to submit documents evidencing that he had previously filed such a motion. Id. On December 18, 2003, the undersigned entered his Proposed Findings and Recommendation and recommended that Movant's motion be dismissed as untimely for failing to file his motion within the 1 year period of limitation. Id., Doc. No. 23. The undersigned further found that Movant had waived his sentencing error claims by failing to file a direct appeal. Id. By Judgment Order filed on January 15, 2004, the District Court adopted the Proposed Findings and Recommendation and denied Movant's motion. Id., Doc. No. 24.

On September 27, 2004, Movant filed his instant § 2255 Motion seeking to challenge his sentence based upon the Supreme Court's ruling in Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). (Doc. No. 27.) Movant requests that the Court waive the one year

period of limitation for filing a § 2255 motion in view of <u>Blakely</u>.

## **DISCUSSION**

The Court finds that there are two grounds upon which this matter should be dismissed. First, the District Court is without jurisdiction to consider Movant's § 2255 Motion because Movant has not obtained certification from the Fourth Circuit Court of Appeals pursuant to 28 U.S.C. § 2244(b)(3)(A) to file a successive motion pursuant to 28 U.S.C. § 2255. Under the Antiterrorism and Effective Death Penalty Act [AEDPA] Amendments to 28 U.S.C. § 2255, "[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals." Movant has not obtained the necessary authorization from the Fourth Circuit Court of Appeals for his successive motion and therefore, this District Court lacks jurisdiction to consider Movant's Motion. Accordingly, this Court is prevented by statute, 28 U.S.C. §§ 2244(b)(3) and 2255, from entertaining Movant's Motion.

Movant's Motion also should be dismissed because it is filed more than a year after the Movant's conviction became final. The AEDPA, effective April 24, 1996, established a one-year statute of limitation for the filing of motions under 28 U.S.C. § 2255, specifying that § 2255 motions must be filed within one year after the latest of several dates as follows:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
>
>     (1) the date on which the judgment of conviction becomes final;
>
>     (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
>     (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and

made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255. Movant's conviction and sentence became final on or about May 10, 2001, when the time for filing a notice of appeal expired. Movant did not file the instant § 2255 Motion until September 27, 2004. Thus, Movant's § 2255 Motion is untimely.

To the extent that Movant contends that the 1 year period of limitation for filing a § 2255 motion should be waived in view of the Supreme Court's decision in Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), the undersigned finds that Movant's argument is without merit. In Blakely, the Supreme Court reaffirmed the Court's holding in Apprendi v. New Jersey, 530 U.S. 466, 490, 120 S.Ct. 2348, 2362-63, 147 L.Ed.2d 435 (2000), that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."[1] Blakely, 542 U.S. at 296, 124 S.Ct. at 2533. On January 12, 2005, the Supreme Court decided United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), which applied the holding in Blakely to the Federal Sentencing Guidelines. The Booker holding applies "'to all cases . . . pending on direct review or not yet final, with no exception for cases in which the new rule constitutes a "clear break" with the past.'" Booker, 543 U.S. at 268, 125 S. Ct. at 769 (*quoting* Griffith v. Kentucky, 479 U.S. 314, 328, 107 S.Ct. 708, 716, 93 L.Ed.2d 649 (1987)). Although the United States Supreme Court has not indicated specifically whether Blakely and Booker are to be applied retroactively, the Fourth

---

[1] In *Blakely*, the Court defined the phrase "statutory maximum" for *Apprendi* purposes as "the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant*." *Blakely*, 542 U.S. at 303, 124 S.Ct. at 2537 (emphasis in original).

Circuit has found that <u>Booker</u> does not retroactively apply to persons whose convictions were final prior the Supreme Court's decision in <u>Booker</u>.  <u>See</u> <u>United States v. Morris</u>, 429 F.3d 65 (4th Cir. 2005).  In view of <u>Morris</u>, the undersigned finds that <u>Booker</u> is inapplicable in Movant's case because Movant's sentence was final prior to the Supreme Court's decision in <u>Booker</u>.

### **PROPOSAL AND RECOMMENDATION**

Accordingly, the undersigned hereby respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DENY** Movant's Motion under § 2255 to Vacate, Set Aside or Correct his Sentence (Doc. No. 27) and **DISMISS** and remove this matter from the Court's docket.

Movant is notified that these Proposed Findings and Recommendation are hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Thomas E. Johnston. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(e) and 72(a), Federal Rules of Civil Procedure, Movant shall have three days (mailing/service) and then ten days (filing of objections), for a total of thirteen days from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection.  Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. <u>Snyder v. Ridenour</u>, 889 F.2d 1363, 1366 (4th Cir. 1989); <u>Thomas v. Arn</u>, 474 U.S. 140, 155 (1985); <u>Wright v. Collins</u>, 766 F.2d 841, 846 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91, 94

(4th Cir. 1984). Copies of such objections shall be served upon the presiding United States District Judge, District Judge Johnston, and this Magistrate Judge.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy to Movant who is acting *pro se* in these proceedings and to counsel of record.

Date: March 21, 2007

R. Clarke VanDervort
United States Magistrate Judge